IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-41203
Summary Calendar

_____

RANULFO RAZO-ESPINOZA,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
(A90 423 771)

_____

July 29, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.[*]

PER CURIAM:

We dismiss this petition for review of the decision of the
Board of Immigration Appeals (BIA) affirming the decision of the
immigration judge finding petitioner deportable as charged under
section 241(a)(2)(B)(i) of the Immigration and Nationality Act (the
Act), 8 U.S.C. § 1251(a)(2)(B)(i), and denying his request for

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

discretionary relief under section 212(c) of the Act, 8 U.S.C. § 1182(c).

The petition for review was timely filed November 21, 1994. Under section 440(a)(10) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), signed into law by the President April 24, 1996, we have no jurisdiction to review "[a]ny final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered by section 241(a)(2)(A)(iii), (B), (C), [or] (D)" of the Act. Petitioner admits that he is such a person: that is, that he is an alien who committed, and was convicted of, a deportable offense under section 241(a)(2)(B)(i), and that he is, and was determined to be, deportable on that account (his only claim is that he was wrongfully denied relief under section 212(c)).[1]

Consequently, we lack jurisdiction over the petition for review. *See Mendez-Rosas v. INS*, No. 95-60472 (5th Cir. June 26, 1996).

---

[1]Before the immigration judge and the BIA, petitioner admitted he was an alien and was deportable under section 241(a)(2)(B)(i) of the Act, and his brief in this Court likewise so admits. Petitioner's brief (as respondent) to the immigration judge describes his offense as follows:

"On or about May 5, 1993, respondent was convicted in the 105th Judicial District of Kleberg County, Texas, of the unlawful possession of a usable quantity of between five and fifty pounds of marijuana, a second degree felony. He was sentenced to a term of imprisonment of five years, which sentence was suspended, and Respondent was placed on probation for five years."

The petition for review is

DISMISSED FOR WANT OF JURISDICTION.